IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thomas Joseph Coyne,<br><br>      Plaintiff,<br><br>v.<br><br>South Carolina Secretary of State and<br>South Carolina Republican Party,<br><br>      Defendants. | C/A No. 3:15-cv-03669-JFA-SVH<br><br>**ORDER** |

Thomas Joseph Coyne ("Coyne"), filed this action pro se pursuant to 42 U.S.C. § 1983 against the South Carolina Secretary of State ("SCSOS") and the South Carolina Republican Party ("SCGOP") seeking a declaration that the filing fee and loyalty pledge requirements violate his rights under the First, Fourteenth, and Twenty-Fourth Amendments to the United States Constitution. (ECF No. 1). On September 15, 2015, Coyne filed a motion for preliminary injunction. (ECF No. 2). On November 16, 2015, SCGOP filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 18). On November 18, 2015, SCSOS filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21). Because Coyne is proceeding pro se, the Court entered orders pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file adequate responses. (ECF Nos. 19, 22). On December 10, 2015, Coyne timely responded to both motions to dismiss. (ECF No. 24). On December 29, 2015, Coyne filed a motion for summary judgment. (ECF No. 25). On March 18, 2016, SCSOS supplemented its motion to dismiss for failure to state a claim. (ECF No. 31).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court deny Coyne's motion for preliminary injunction, grant SCSOS's motion to dismiss, deny SCGOP's motion to dismiss, and deny Coyne's motion for summary judgment. (ECF No. 36).  The Report sets forth in detail the relevant facts and standards of law[2] on this matter, and this Court incorporates those facts and standards without a recitation.  The parties were advised of their right to object to the Report, which was entered on the docket on July 26, 2016.  The Magistrate Judge gave the parties until August 12, 2016, to file objections.  However, no objections were filed.  In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  Accordingly, the Court adopts the Report and Recommendation, (ECF No. 36), and denies Coyne's motion for preliminary injunction, grants SCSOS's motion to dismiss it as a party pursuant to Fed. R. Civ. P. 12(b)(6),

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2] The Court does not adopt the legal standard as stated on page 17 of the Report inasmuch as it states, "Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in [the plaintiff's] favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  This standard was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009).  However, under the proper standard, the result remains unchanged.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

denies SCGOP's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and denies Coyne's motion for summary judgment.

The Clerk is directed to return this action back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

August 30, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge