IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thomas Joseph Coyne,<br><br>        Plaintiff,<br><br>v.<br><br>South Carolina Secretary of State and<br>South Carolina Republican Party,<br><br>        Defendants. | C/A No. 3:15-cv-03669-JFA-SVH<br><br>**ORDER** |

### I.    INTRODUCTION

Thomas Joseph Coyne ("Coyne"), filed this action pro se pursuant to 42 U.S.C. § 1983 against the South Carolina Secretary of State ("SCSOS") and the South Carolina Republican Party ("SCGOP") seeking a declaration that the filing fee and loyalty pledge requirements violate his rights under the First, Fourteenth, and Twenty-Fourth Amendments to the United States Constitution. ECF No. 1.

### II.    FACTUAL AND PROCEDURAL HISTORY

On September 15, 2015, Coyne filed his complaint and a motion for preliminary injunction.[1] ECF Nos. 1, 2. On November 16, 2015, SCGOP filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 18. On November 18, 2015, SCSOS filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 21. Because Coyne is proceeding pro se, the Court entered orders pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising him of the importance of the motions and of

---

[1] Coyne complains that he is being deprived of equal protection by the Court because he does not have access to Electronic Case Filing ("ECF"). ECF No. 50, p. 1. However, although Coyne does not have access to ECF as dictated by ECF Policies and Procedures, Coyne has been provided documents via U.S. Mail and given additional time to respond as required by the Federal Rules of Civil Procedure.

1

the need for him to file adequate responses. ECF Nos. 19, 22. On December 10, 2015, Coyne timely responded to both motions to dismiss. ECF No. 24. On December 29, 2015, Coyne filed a motion for summary judgment. ECF No. 25. On March 18, 2016, SCSOS supplemented its motion to dismiss for failure to state a claim. ECF No. 31.

Only July 26, 2016, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opined that this Court deny Coyne's motion for preliminary injunction, grant SCSOS's motion to dismiss, deny SCGOP's motion to dismiss, and deny Coyne's motion for summary judgment. ECF No. 36. The Report set forth in detail the relevant facts and standards of law[3] on this matter, and this Court incorporates those facts and standards without a recitation. The parties were advised of their right to object to the Report, which was entered on the docket on July 26, 2016. *Id.* The Magistrate Judge gave the parties until August 12, 2016, to file objections. *Id.*

On August 30, 2016, after receiving no objections, this Court entered an order adopting the Report. ECF No. 38. Thereafter, however, the Court received various documents from Coyne asserting that he did not know of the Report's existence prior to the Court's order filed on August 30, 2016. ECF Nos. 42–45. Therefore, on September 13, 2016, the Court vacated its order and provided Coyne with an opportunity to receive and object to the Report. ECF No. 46.

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

[3] The Court does not adopt the legal standard as stated on page 17 of the Report inasmuch as it states, "Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in [the plaintiff's] favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." This standard was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009). However, under the proper standard, the result remains unchanged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").


On September 26, 2016, Coyne's objections to the Report were filed. ECF No. 50. Thus, this matter is ripe for the Court's review.

### III.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.     DISCUSSION

Coyne essentially raises three specific objections to the Report.[4] ECF No. 50. Each objection will be addressed in turn. In reviewing his response, the Court will not consider the objections raised to its order dated August 30, 2016, because the order was vacated in an effort to ensure Coyne received due process with regard to this matter. ECF No. 46, p. 2.

#### A.  First Objection – SCSOS's Motion to Dismiss

Coyne's first objection relates to the Magistrate Judge's recommendation to grant SCSOS's motion to dismiss. ECF No. 50, pp. 2–3. Coyne claims SCSOS failed to comply with

---

[4] The Court has reviewed Coyne's entire response and attempted to interpret his statements as specific objections where appropriate. Although his response is twelve pages long, a majority of the document was *nihil ad rem* and temerarious. For example, instead of utilizing this opportunity to make numerous specific objections to the Report, Coyne questioned whether Senator Lindsey Graham was receiving the presidential candidate's filing fee and expended two pages to provide the alleged birth certificate of President Barack Obama. (ECF No. 50, pp. 4, 8–9). Therefore, such statements or assertions will not be addressed as they are not germane to the matter at issue.

Federal Rule of Civil Procedure 12 ("Rule 12") because it did not respond to his complaint within the timeframe required, and, therefore, concludes that SCSOS "has NO legal standing in this case." ECF No. 50, p. 2. Furthermore, Coyne claims "SCSOS had and has NO legal authority to file any motion or introduce any new evidence and/or procedure(s) because of its decision to violate Rule 12." *Id.* Finally, Coyne claims that SCSOS made an "illegal initial motion" violating Rule 12. *Id.* at 4.

"On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed R. Civ. P. 4(b). "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c).[5] A defendant must answer or respond by motion within the appropriate timeframe of being served. Fed R. Civ. P. 12. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" thus severing defendant's ability to respond or answer. Fed R. Civ. P. 55.

The United States Supreme Court has recognized the bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). In determining a named defendant's proper time to remove an action, the Supreme Court held it "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347–48.

---

[5] In addition, under the South Carolina Rules of Civil Procedure, "[a] civil action is commenced when the summons and complaint are filed with the clerk of court" and properly served together. Rule 3, SCRCP and Rule 4, SCRCP ("The summons and complaint must be served together.").

4

First, Coyne failed to properly serve SCSOS such that it was required to respond to or answer his complaint.[6] The Magistrate Judge discussed this issue in her Report. ECF No. 36, pp. 5–6. Upon reviewing the filed documents and conversing with the Clerk of Court's office staff, it appears that the following events transpired. On September 10, 2015, Coyne mailed his unfiled complaint to SCSOS and the South Carolina Attorney General (SCAG). ECF No. 1. On September 14, 2015, SCSOS and SCAG received the unfiled complaint as acknowledged by the signatures contained on the return receipts. ECF Nos. 13, 13-1. On September 15, 2015, Coyne, in-person, submitted the complaint for filing in the Clerk of Court's office for this Court. ECF No. 1. On September 15, 2015, at 9:43 a.m., the Clerk of Court's office received the complaint. *Id.* Later that morning, at approximately 10:09 a.m., the complaint was filed. That same day, at approximately 3:00 p.m., the Magistrate Judge issued an order directing the Clerk of Court to issue a summons and forward it to Coyne for service of process. ECF No. 10, p. 1. The order contained explicit instructions stating, "To Plaintiff: Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure," and warning of the consequences should Coyne fail to serve SCSOS within the specified period after the complaint was filed. *Id.* at 2. On September 15, 2015, the Clerk of Court issued the summons as instructed and mailed all necessary documentation to Coyne—the documentation was not provided via hand-delivery on said date. ECF Nos. 11–12. On September 19, 2015, Coyne sent a letter and executed return receipts to the Court, which stated, "Service to defendants was affirmed by me, original Complaint, page 6, at or near 9:20 AM on September 15, 2015,[7] and affirmed again herein with attached documentation containing chemical copies of signatures on USPS 'green' cards,' copy

---

[6] This scenario is applicable to both Defendants, but only SCSOS's response has been contested as untimely. Therefore, the analysis will only discuss the facts applicable to SCSOS.
[7] As depicted by the timeline stated above, it was impossible for SCSOS to be served at that time because a summons had not been issued.

attached, signed and dated in each case on 9/14/2015. (Defendants received original copies one day prior to the filing of my complaint)." ECF No. 13-1.

Coyne appears to be an educated individual as his cover letters affix the title of Ph.D. *See, e.g.*, ECF No. 13-1. In addition, Coyne argues that SCSOS failed to respond as required under Rule 12, a relevant procedural rule not mentioned in the Magistrate Judge's order. ECF No. 10. However, based on the filed documents, Coyne appears to believe he effectuated service by mailing an unfiled complaint to SCSOS and simply filing the complaint with the Court, which is not proper service. In fact, there is no proof that the summons issued was ever served. The only proof provided is a letter affirming service with return receipts signed and dated before the complaint was filed and the summons was issued. ECF Nos. 13, 13-1. In addition, SCSOS's has made the assertion that it "has not been formally served with the Complaint, but is appearing for the purpose of filing this motion [to dismiss]." ECF No. 21, p. 2. Thus, SCSOS was not required to respond within the time demanded by Coyne because "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347. Furthermore, Coyne did not move for a default to be entered under the Federal Rules of Civil Procedure, which could have served to cut off SCSOS's ability to respond to his complaint if it had been properly served. Therefore, it is proper to consider SCSOS's motion to dismiss in this action.

Second, Coyne does not make any allegations of wrongdoing against SCSOS in his complaint. Coyne only claims SCSOS commissions members of the South Carolina State Elections Commission ("SCSEC"), ECF No. 24, p. 3, "SCSOS is responsible for the existence of *each* member of the [South Carolina State Election Board]"[8] and "SCSOS and SCGOP conspire

---

[8] It appears Coyne is referring to the SCSEC. In its motion, SCSOS suggested that Coyne may be confusing it with the SCSEC as this entity is mentioned in Coyne's complaint and involved with the

6

to control everything and they are in it together," ECF No. 50, p. 3. These statements are simply an unsupported assertion contrary to the South Carolina Code of Laws. *See* S.C. Code Ann. § 1-5-40 (stating SCSOS simply monitors, maintains records, and publishes vacant positions on various commissions, including SCSEC); S.C. Code Ann. § 7-3-10(a) (authorizing appointment of SCSEC members by the Governor—not SCSOS). Thus, the Court agrees with the Magistrate Judge's recommendation that SCSOS's motion to dismiss should be granted because Coyne has failed to state a claim upon which relief can be granted against SCSOS. ECF No. 36, pp. 7–8. Therefore, SCSOS's motion to dismiss is granted.

### B. Second Objection – Coyne's Motion for Preliminary Injunction

Coyne's second objection relates to the Magistrate Judge's recommendation that his motion for preliminary injunction be denied. Coyne objects to the statement that the harm he has suffered is nominal and claims the Report "ignores massive harm done also to uncounted millions of citizens of this nation, and abroad" by denying voters information regarding facts and solutions for the International Monetary Fund, "The Graham-Leach-Bliley Act," "ISIS," Federal Reserve System, and various other areas. ECF No. 50, pp. 4–9. Coyne's objection also relates to the denial of his preliminary injunction by claiming that the "public interest was ignored totally" by delay. *Id.* at 6. In addition, he contends "[t]he GOP has no Constitutional right to regulate 'candidates (entry) on the Ballot,' as claimed by The Court." *Id.*

First, Coyne conflates the second—his irreparable harm—and fourth—injunction is in the public interest—elements necessary for a preliminary injunction. The Magistrate Judge assumed arguendo that Coyne suffered irreparable harm because he was excluded from the ballot, but found it was only nominal because he failed to allege any campaign involvement or likelihood of

---

election process. An error that was previously conceded by a different plaintiff in *De La Fuente v. South Carolina Democratic Party*, 164 F. Supp. 3d 794, 797 (D.S.C. 2016).

winning delegates in South Carolina. ECF No. 36, p. 14. Coyne does not argue facts to support a change in this analysis. He only alleges the Magistrate Judge's determination was "Shear [sic] madness! Sheer nonsense!" ECF No. 50, p. 10. However, the Court may view his objection that the public has endured "massive harm" and "was damaged badly" as supportive of his public interest element. ECF No. 50, p. 10.

The "facts and solutions" that Coyne allegedly would have offered at the debates contain general assertions of a wide variety of topics and are supported by a simple citation to a presentation written by Coyne. ECF No. 50, pp. 5–10. Within these assertions, Coyne claims he is "uniquely qualified to serve as [President of the United States]." *Id.* at 7. While these topics may have been helpful to the public, Coyne does not refute "[t]he public has an interest in ensuring that the State's primary election is conducted pursuant to state law and that only qualified candidates appear on the ballot." ECF No. 36, p. 15 (quoting *De La Fuente v. S. Carolina Democratic Party*, 164 F. Supp. 3d 794, 806 (D.S.C. 2016)). Coyne argues he is qualified, but does not specifically object to the public's interest in ensuring that the State's primary election is conducted pursuant to state law.

The Magistrate Judge recommended that Coyne has failed to demonstrate reasons for declining to sign the party pledge—no specification as to how it violates his First Amendment rights—and pay the filing fee—Coyne asserts it is not due to inability to pay, but refusal to pay a "bribe." ECF No. 36, pp. 11–14. Coyne states, couched under an objection to the balance of equities element, that the filing fees are "illegal bribes" and argues there is a lack of governmental authority "to require reasons from any citizen wishing to grieve government abuse as in this case." ECF No. 50, p. 10. In addition, Coyne simply claims, "Nothing in the

8

Constitution allows The Court to determine who is qualified to file a grievance" against a government or political party. *Id.* Not one citation is provided for these bold claims.[9]

Coyne asserts that the "GOP has no Constitutional right to regulate 'candidates (entry) on the Ballot,' as claimed by The Court." ECF No. 50, p. 6. However, Coyne offers no legal precedent to refute the United States Supreme Court's position, articulated in the Magistrate Judge's Report, that "'political parties' government, structure, and activities enjoy constitutional protection' and [courts] have declined to interfere with those functions." ECF No. 36, p. 12 (quoting *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997)); *see also Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 230 (1989) (recognizing a "political party's discretion in how to organize itself, conduct its affairs, and select its leaders").

Finally, it is noted that Coyne does not object to the Magistrate Judge's recommendation that he is not likely to succeed on the merits. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Coyne fails to appreciate that "all four requirements must be satisfied" for a preliminary injunction to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).[10]

Therefore, the Court agrees with the Magistrate Judge's recommendation that Coyne is unlikely to succeed on the merits, the irreparable harm suffered by Coyne is nominal, the balance

---

[9] Coyne asserts the bribes are being received "to and for government employees in violation of The Hatch Act of 1939" without any additional discussion. ECF No. 50, p. 10.

[10] As noted in the Report, the original opinion was vacated by the United States Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010); however, the Fourth Circuit reissued its opinion maintaining this position. 607 F.3d 355 (4th Cir. 2010).

of equities does not favor Coyne, and the public interest weighs against a preliminary injunction in this case. Thus, Coyne's motion for a preliminary injunction is denied.

### C. Third Objection – Coyne's Motion for Summary Judgment

Coyne's third objection was to the recommendation that his motion for summary judgment be denied. ECF No. 50, p. 6. In this objection, Coyne offers no support in challenging the findings of the Report. *Id.* Plaintiff cannot bypass his obligation to specifically object to the Magistrate's findings by merely stating:

> The filing fee is an 'other tax' used to run the polls on Election Day according to SCGOP documents before The Court. This admission by SCGOP, combined with SCSOS abandonment of Civil Rule or [sic] Procedure 12 as discussed elsewhere, is reasonable, adequate, total grounds for Judge Anderson to issue Summary Judgment in favor of Plaintiff Coyne.

*Id.* In addition, Coyne asserts that the Court should "rest his case" on (1) "SCGOP agreement in documents in Court records concerning Plaintiff Coyne's complaints regarding First, [Fourteenth], and [Twenty-Fourth] amendment right violations"—no citation is provided nor is there such agreement by SCGOP and (2) simply "agreeing with" Coyne's complaint regarding "extortion," "bribery," and "manipulation." *Id.* at 2. As stated previously, in the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court agrees with the Magistrate Judge's recommendation and denies Coyne's motion for summary judgment.

### V. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court ADOPTS

the Report and Recommendation, (ECF No. 36), DENIES Coyne's motion for preliminary injunction, GRANTS SCSOS's motion to dismiss, DENIES SCGOP's motion to dismiss, and DENIES Coyne's motion for summary judgment.

The Clerk is directed to return this action back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

September 29, 2016                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge